OPINION OF THE COURT
Michael F. Mullen, J.
*228 Launcelot T., by order to show cause, has brought on a motion for rehearing and review of an order of the County Court, Suffolk County (Lefkowitz, J.), dated March 4, 1997, which, after a hearing, authorized T.’s continued retention. The People oppose, and the Attorney-General opposes and cross-moves to dismiss.
Launcelot T. was found not responsible by reason of mental disease or defect for the March 1991 brutal slaying of his wife in Nassau County. He was committed to the Mid-Hudson Psychiatric Center in January 1993 pursuant to CPL 330.20 (6).
Thereafter, in September 1993, pursuant to an order of the Supreme Court, Orange County (i.e., the first retention order), he was found to be mentally ill, but not suffering from a dangerous mental disorder, and was transferred from Mid-Hudson to the nonsecure facility at Pilgrim Psychiatric Center in Suffolk County (CPL 330.20 [7]).
In May 1994, an application was made in Nassau County for a second retention order under CPL 330.20 (9), which was granted by order dated April 26, 1995 (Jonas, J.). T. requested a rehearing and review of that order, and the matter came before this court for hearing on January 16 and February 20, 1996. This court heard testimony from a psychiatrist, Dr. Stuart B. Kleinman, called by the People, as well as from three members of the Nassau County Police Department. In addition, the Nassau prosecutor offered an 11-page report prepared by Dr. Kleinman and defendant’s hospital records. This court found the District Attorney had established to its satisfaction, i.e., by a fair preponderance of the credible evidence, that defendant was mentally ill, and denied T.’s request for relief.
In June 1996, the Commissioner of the New York State Office of Mental Health made application for a subsequent retention order authorizing continued custody of petitioner for. a period not to exceed two years. T. demanded a hearing, and the matter was referred to Judge Lefkowitz. He conducted a lengthy hearing that began in December 1996 and ended on January 24, 1997. The witnesses included: two psychiatrists, Doctors Stuart Kleinman and Praful Joshi; a psychologist, Raymond Lorentz; two detectives from the Nassau County Police Department; a police officer from Hempstead; as well as T. himself and a psychiatrist called by him, Dr. Richard Weidenbacher. By written decision dated March 4, 1997, Judge Lefkowitz rejected defendant’s request for conditional release and signed a subsequent retention order dated the same day.
The movant, T., now seeks a trial de novo, pursuant to Mental Hygiene Law § 9.35, claiming he is "dissatisfied” with *229 Judge Lefkowitz’s ruling and requesting a rehearing and review before a jury. Section 9.35 provides in pertinent part that a person whose continued retention has been authorized pursuant to article 9 of the Mental Hygiene Law may obtain a rehearing and review before a Justice other than the one who rendered the order, and that the Justice "shall cause a jury to be summoned and shall try the question of the mental illness and the need for retention”.
Both the District Attorney and the Attorney-General urge that petitioner has failed to allege facts to support his entitlement to a jury trial, citing, inter alia, Matter of Rubin Z. (Sup Ct, Orange County, Sept. 24, 1996, index No. 7595/91).
In Rubin Z. (supra), the court likened a motion for a rehearing and review to that of a motion to reargue/renew, finding that petitioner must make a factual showing to support his application. The court stated, in part: "This application is civil in nature, and therefore, it is basic that the movant has some burden to establish the viability of his application. It would certainly seem to this Court that if an application for review is to be made within thirty days of filing of an order by a person just found to be mentally ill, there should be some showing of merit prior to the impaneling of a jury. It must be a prerequisite that the defendant establish some change in circumstances, either legal or factual, that would enable a finder of facts, under instructions as to the law, to favorably reconsider the petition. One would think that a failure to make such a factual showing should well invite a motion for Summary Judgment regarding the jury issue (CPLR 3212[b]).”
The reasoning of Rubin Z. (supra) is particularly compelling here. Just two months ago, in March, at movant’s request, Judge Lefkowitz conducted an extensive hearing. He heard testimony not only from the movant himself, but from a psychiatrist and another witness (George Simon) called by the movant, not to mention the two psychiatrists and the other witnesses called in support of the retention order. He also considered the extensive medical reports and other exhibits offered with evidence, and the oral arguments of counsel. He made a specific finding that T. "is mentally ill in that he currently suffers from a mental illness for which care and treatment as a patient in the in-patient services of a psychiatric center” is essential. Based upon that finding, the Judge concluded: "While he [T.] is clearly not currently psychotic, he remains a great risk of again becoming psychotic. When he is psychotic, he is disposed to violence.” A retention order was simultaneously signed.
*230 In his present application, T. offers nothing to suggest that the findings and conclusion of Judge Lefkowitz were tainted in any way. There is no claim that the Judge overlooked or misinterpreted anything. In other words, there has been no issue of fact raised which requires a jury’s determination.
Under the circumstances here, i.e., where the movant requested a hearing, and all the issues were fully litigated just months ago, and nothing new has been cited, it makes absolutely no sense for this court now to "summon” a jury to rehash everything. A little dose of common sense never hurt anyone. In essence, the movant waived his right to a jury when he proceeded to the hearing before Judge Lefkowitz. The fact that he did so at the time the request for a retention order was made by the Commissioner, instead of waiting until the order was signed, makes no difference. That was a choice he and his attorneys made. His claim that he is now entitled to another hearing, with a jury, is simply unpersuasive.
The cross motion to dismiss is granted.